IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff<br><br>    v.<br><br>ROBIN ROOMI,<br>13107 Elsdale Ct., Apt. 202<br>Rockville, MD  20851<br><br>        Defendant. | Civil Action No. 8:19-CV-00693 |

**COMPLAINT FOR PERMANENT INJUNCTION**

Plaintiff, United States of America, by its undersigned attorneys, alleges:

1. This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1391(b) and (c).

NATURE OF THE CLAIM

3. Plaintiff, United States of America, seeks injunctive relief against the defendant, Robin Roomi, for assisting and facilitating a predatory wire fraud scheme that primarily victimizes senior citizens of the United States.  Starting as early as July 2017 and continuing to the present, the scheme has operated by having telemarketers in India pose as purported computer technicians to fraudulently induce U.S. consumers to pay for phony or otherwise misrepresented technical-support services related to computers.

## DEFENDANT

4.  Defendant is a resident of Rockville, Maryland.  Defendant transacts or has transacted business with consumers across the United States, including in Maryland.  On information and belief, Defendant knowingly has used bank accounts to facilitate a fraudulent technical-support scheme.

## THE FRAUD INJUNCTION ACT

5.  Title 18, United States Code, Section 1345 provides that if a person is "violating or about to violate" statutes prohibiting mail and wire fraud, among others, "the Attorney General may commence a civil action in any Federal court to enjoin such violation."  It continues by stating that the Court "shall proceed as soon as practicable to the hearing and determination of such an action, and may … enter such a restraining order or prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought."  Congress intended Section 1345 to put a "speedy end" to "fraudulent acts or practices."  S. Rep. No. 98-225, at 401-02 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3539-40.  *See also Stop the Bleading:  Using Civil Injunctions under 18 U.S.C. § 1345 to Stop Fraud*, DOJ Journal of Federal Law and Practice, December 2018, p. 29.

## FACTS

6.  Since at least as early as July 2017, Defendant has assisted and facilitated a technical-support scheme by accepting consumer payments and forwarding proceeds to perpetrators of the scheme.  The scheme operates under the name Advanced Software Design Web Solutions or ASD.

7. Telemarketers in India working for the scheme contact consumers either by calling them or by using pop-up computer advertisements disguised as security alerts to direct the consumers to immediately call a telephone number, which the telemarketers answer.

8. Regardless of the initial method of contacting a consumer, the scheme proceeds similarly once a telemarketer working for the scheme has the consumer on the phone.  Emphasizing the need for immediate action and often claiming to work for or be affiliated with well-known technology companies, the telemarketer falsely claims that the consumer's computer is at risk and that the telemarketer can assist the consumer but first needs remote access to the consumer's computer.  Once remotely connected, the telemarketer purports to confirm the existence of a serious computer virus or other threat to the consumer's computer, sometimes claiming that a hacker will soon be able to access the consumer's personal information, including financial account numbers, social security numbers, and passwords.  Imparting a sense of urgency, the telemarketer then claims that he will install expensive and high-quality network security software to resolve the threat in exchange for a substantial sum of money.

9. Since at least July 2017, consumers have been victimized by the fraudulent technical-support scheme facilitated by Defendant.  Defendant plays a critical role in accepting fraudulently induced payments initiated by the telemarketers.  Defendant deposits the payments and then forwards the funds received from consumers to the scheme perpetrators.

10. Upon information and belief, the United States alleges that Defendant has knowledge that his conduct facilitates a fraudulent scheme involving the purported offer of technical-support services in exchange for consumer payments.

11. Consumers suffer financial losses from the wire fraud scheme facilitated by Defendant. Consumers victimized by the scheme reside throughout the United States.

12. The scheme disproportionately affects elderly consumers.

13. Absent injunctive relief by this Court, Defendant's conduct will continue to cause injury to consumers.

## COUNT I

14. Paragraphs 1-13 are incorporated by reference and realleged herein.

15. By reason of the conduct described herein, Defendant violated, is violating, and is about to violate 18 U.S.C. § 1343 by executing a scheme and artifice to defraud for obtaining money or property by means of false or fraudulent representations with the intent to defraud, and, in so doing, using interstate or foreign wire communications.

16. Upon a showing that Defendant is committing or about to commit wire fraud, the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just to prevent a continuing and substantial injury to consumers.

17. As a result of the foregoing, the Court should enjoin Defendant's conduct under 18 U.S.C. § 1345.

## RELIEF REQUESTED

Plaintiff, United States of America, requests of the Court the following relief:

I. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in any technical-support business or money transmitting business, and

II. That the Court order such other and further relief as the Court shall deem just and proper.

DATED: March 4, 2019

Respectfully Submitted,

ROBERT K. HUR
UNITED STATES ATTORNEY

THOMAS CORCORAN
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
Tel.: 410-209-4800

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

/s/  Richard Goldberg
RICHARD GOLDBERG
Senior Counsel for Complex Litigation
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
Tel.: 202.307-2532
Fax: 202.514.8742
Email: richard.goldberg@usdoj.gov

Counsel for United States of America